IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ASHLEY ANNE SWEENEY, ) | Bankruptcy No. 25-22705 |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| _____ ) | |
| ) | |
| ASHLEY ANNE SWEENEY, ) | 2:26-CV-00066-CCW |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| ALN PROPERTIES, LLC; VERCAT ) | |
| VENTURES, LLC ) | |
| ) | |
| Appellees. ) | |
| ) | |

## **OPINION AND ORDER**

Before the Court is *pro se* Appellant Ashley Anne Sweeney's Emergency Motion for a Stay. ECF No. 12. For the following reasons, the Court will deny the Motion.

**I.     Background**

Ms. Sweeney filed a petition pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq.*, that is currently pending in bankruptcy court. ECF No. 3 at 2 ¶ 2. On December 5, 2025, the bankruptcy court entered an order granting relief from the automatic stay to permit the initiation of an eviction action against Ms. Sweeney. ECF No. 1-2. The December 5, 2025 order granted relief from the automatic stay to two entities: ALN Properties, LLC and Verkat Ventures B, LLC. ECF No. 19 ¶ 5. An eviction proceeding against Ms. Sweeney was subsequently commenced in state court by G.I.D. Enterprises, LLC d/b/a/ ALN Properties and Verkat Ventures B, LLC. *Id.* ¶ 10. Ms. Sweeney then moved the bankruptcy court for sanctions and for a stay of

1

the state court eviction proceedings, arguing that the party which commenced the eviction action in state court—G.I.D. Enterprises, LLC—was not the party that received relief from the automatic stay in the bankruptcy court's December 5, 2025 order—ALN Properties LLC. *Id* at 9, 34–36.[1]

In orders entered on January 5, 2026 and January 6, 2026, the bankruptcy court denied both motions and clarified that its December 5, 2025 order "provide[s] the Debtor's landlord (or entity with authority) to proceed with the action to pursue possession of the property[.]" ECF No. 1-2 at 2.. On January 13, 2026, Ms. Sweeney filed an appeal of the bankruptcy court's orders denying her motion for sanctions and motion to stay the state court eviction proceedings. ECF No. 1. On January 14, 2026, Ms. Sweeney filed a document titled "Emergency Motion for Temporary Restraining Order and Stay Pending Appeal." ECF No. 3 at 1. In the motion, Ms. Sweeney asked this Court to: (1) issue a stay of the bankruptcy court's January 5, 2026 and January 6, 2026 orders pending the outcome of this appeal; and (2) stay the state court eviction proceedings pending the outcome of this appeal. *Id.* at 5. The Court denied the motion without prejudice on January 16, 2026, because the motion failed to comply with various procedural requirements laid out in the Federal Rules of Bankruptcy Procedure. ECF No. 5. On January 29, 2026, Ms. Sweeney filed the instant Motion, again asking this Court to stay the state court eviction proceedings pending the outcome of this appeal. ECF No. 12 at 6. Appellees responded on February 4, 2026. ECF No. 19. The Motion is thus ripe for resolution.

## II.     Legal Standard

Motions for "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending" are governed by Federal Rule of Bankruptcy Procedure 8007. Rule 8007

---

[1] While the motion for relief from stay was filed by ALN Properties, LLC and Verkat Ventures B, LLC, the eviction action in state court was initiated by "an LLC doing business under the fictitious name ALN Properties." ECF No. 1-2 at 2.

2

requires such motions to include, *inter alia*, "affidavits or other sworn statements supporting facts subject to dispute" and "relevant parts of the record." Fed. R. Bankr. P. 8007(b)(3). Rule 8007 further requires the movant to "give reasonable notice of the motion to all parties." Fed. R. Bankr. P. 8007(b)(4). The factors used to consider the merits of a motion for a stay pending resolution of a bankruptcy appeal "overlap" with the "familiar ones courts look to in ruling on applications for preliminary junctions." *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015); *see also* Fed. R. Bankr. P. 7065 ("Injunctions") (providing that "Fed. R. Civ. P. 65 applies in an adversary proceeding" in the bankruptcy context). Those four factors are:

> (1) The likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) [that] the public interest [weighs in favor of granting the injunction.]
> ***
> Generally, the moving party must establish the first two factors and only if these "gateway factors" are established does the district court consider the remaining two factors. The court then determines "in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."

*Greater Phila. Chamber of Commerce v. City of Philadelphia*, 949 F.3d 120, 133 (citations omitted)); *see also Sec. & Exch. Comm'n v. Chappell*, 107 F.4th 114, 126 (3d Cir. 2024) (citation omitted); *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.,* 306 F. App'x 727, 730–31 (3d Cir. 2009); 13 Moore's Federal Practice § 65.22 (2020).

To establish a likelihood of success on the merits, the movant must "demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not)[.]" *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *see also*, 42 Am. Jur. 2d Injunctions § 18 (2020) (explaining that to obtain a preliminary injunction, the movant must show that it is "reasonably likely" to succeed on the merits). That is,

the moving party "must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 37 (M.D. Pa. 2025) (citing *Punnett v. Carter*, 621 F.2d 578, 582–83 (3d Cir. 1980)). And, "'the burdens at the preliminary injunction stage track the burdens at trial[.]'" *Greater Phila. Chamber of Commerce*, 949 F.3d at 133 (quoting *Gonzales v. O Centro Espirita Beneficente Uniao de Vegetal*, 546 U.S. 418, 429 (2006)). "A failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Ace Am. Ins. Co.*, 306 F. App'x at 732 (citations omitted).

To establish irreparable harm, the movant must show "that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly*, 858 F.3d at 179. To do so, the movant must demonstrate a potential harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 610 (3d Cir. 2024) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801). The risk of irreparable harm cannot be speculative; merely "[e]stablishing a risk of irreparable harm is not enough[,]" rather, the movant must make a "'clear showing of immediate irreparable injury[.]'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Grp., Inc. v. Amoco Chems. Corp*, 614 F.2d 351, 359 (3d Cir. 1980)). Thus, "[t]he dramatic and drastic power of injunctive force may be unleased only against conditions generating a presently existing actual threat[,]" and not "simply to eliminate a possibility of a remote future injury, or a future invasion of rights[.]" *Holiday Inns of Am. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969); *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 3:15-cv-22, 2016 WL 7176658 at *8 (W.D. Pa. Dec. 8, 2016) (Gibson J.).

**III.     Legal Analysis**

    **A.     Ms. Sweeney Fails to Meet the Requirements of Federal Rule of Bankruptcy Requirement 8007**

Ms. Sweeney seeks an injunction staying the eviction proceedings pending against her in state court. ECF No. 12 at 6. Therefore, because the Motion requests "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending[,]" it is governed by Federal Rule of Bankruptcy Procedure 8007. But like Ms. Sweeney's first emergency motion, ECF No. 3, the instant Motion does not include a sworn affidavit, relevant parts of the record, or any discussion of notice. *See* ECF No. 12. The failure to comply with the procedural requirements of Bankruptcy Rule 8007 is, by itself, reason to deny the Motion.

    **B.     Ms. Sweeney Has Not Shown She Is Entitled to Injunctive Relief**

Even if Ms. Sweeney's Motion complied with the procedural requirements of Bankruptcy Rule 8007, which it does not, the Court would still deny the Motion because Ms. Sweeney fails to show irreparable harm or likelihood of success on the merits. In support of her Motion for a stay, Ms. Sweeney advances two main arguments. First, she argues that, in the absence of a stay, her appeal will become moot. ECF No. 12 at 4–5.[2] Second, she argues that Appellees' initiation of eviction proceedings violated the automatic stay entered pursuant to 11 U.S.C. § 362. *Id*. at 5–6. Neither argument is availing.

First, "it is well established that the possibility that an appeal may become moot does not constitute irreparable harm for purposes of obtaining a stay." *In re Swift Energy Co.*, No. 15-12670, 2016 WL 3566962, at *7 (D. Del. June 29, 2016). And "it isn't enough that the failure to obtain a stay will be 'a disaster' for the stay movant but only a 'minor inconvenience to the

---

[2] Mr. Sweeney represents that, "[w]ithout immediate relief," she will be evicted from the subject property on February 6, 2026. ECF No. 12 at 2.

defendant[.]'" *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (quoting *Roland Mach. Co. v. Dresser Indus.*, 749 F.2d 380, 386 (7th Cir. 1984) (Posner, J.)). Because a stay constitutes injunctive relief, "without some showing of a probable right [to relief], there is no basis for invoking it." *Id.* Accordingly, the fact that Ms. Sweeney's appeal may be mooted does not entitle Ms. Sweeney to a stay without some showing of likelihood of success on the merits.

Ms. Sweeney's sole argument going to the merits is that G.I.D. Enterprises as a specific entity was not granted relief from the automatic stay entered by the bankruptcy court. *See* ECF No. 12 at 5 (arguing that "enforcement actions by unauthorized entities violate § 362(a)(3)[.]"). But that is incorrect. The bankruptcy court's January 5, 2026 order specifically grants Ms. Sweeney's "landlord . . . or entity with authority[,]" relief from the stay in order "to proceed with the action to pursue possession" of the subject property. ECF No. 1-2 at 2. G.I.D. Enterprises represents itself, along with Verkat Ventures, as Ms. Sweeney's landlord, ECF Nos. 19 ¶ 1, and Ms. Sweeney does not contest that. *See generally* ECF No. 12. Thus, even if the bankruptcy court's December 5, 2025 order referred to G.I.D. Enterprises' fictitious name, A.L.N. properties, G.I.D. Enterprises plainly has authority to move for possession of the subject property pursuant to the bankruptcy court's January 5, 2026 order. Ms. Sweeney thus fails to make any showing that she is likely to succeed on the merits.

**IV.  Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that the Emergency Motion for Temporary Restraining Order and Stay Pending Appeal, ECF No. 12, is DENIED.

DATED this 5th day of February, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

Ashley Anne Sweeney