IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          )
                                                )
ASHLEY ANNE SWEENEY,                            )   Bankruptcy No. 25-22705
                                                )
            Debtor.                             )   Chapter 11
                                                )
                                                )
_____                   )
                                                )
ALN PROPERTIES, LLC,                            )
                                                )   2:26-CV-00066-CCW
                                                )
            Appellant,                          )
                                                )
      v.                                        )
                                                )
VERCAT VENTURES, LLC                            )
                                                )
            Appellee.                           )
                                                )
                                                )
                                                )

## OPINION AND ORDER

Before the Court is an appeal by pro se Appellant Ashley Anne Sweeney from Orders by the U.S. Bankruptcy Court for the Western District of Pennsylvania granting relief from stay to Appellees, ALN Properties, LLC and Vercat Ventures, LLC,[1] and denying Ms. Sweeney's motion for sanctions. ECF No. 1-2; *see also In re Ashley Anne Sweeney*, No. 25-22705-CMB, ECF Nos. 53, 72 (Bankr. W.D. Pa. December 5, 2025) (Bankr. W.D. Pa., January 5, 2026). For the reasons set forth below, the Court will affirm the January 5, 2026 Order of the bankruptcy court, ECF No. 1-2, and will dismiss Ms. Sweeney's appeal of the December 5, 2025 Order of the bankruptcy court as moot.

---

[1] Appellees' briefing uses the spelling "Verkat" and states that Appellant "[i]improperly docketed and referred" to Defendant with the spelling "Verkat." ECF No. 30 at 1 n.1. But Appellees never moved to amend the case caption, so the Court will use the spelling used by Ms. Sweeney as reflected on the docket.

## I.      Background

In early 2025, Ms. Sweeney and Appellees executed a one-year lease agreement, running from April 2025 through April 2026, for a residential property in Pittsburgh, Pennsylvania.  ECF No. 30 at 9.  According to Appellees, Ms. Sweeney paid rent for April and May of 2025 only, but never made any subsequent rent payments under the terms of the lease agreement.  *Id.*  Ms. Sweeney filed a petition pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq.*, on October 6, 2025.  ECF No. 30 at 9.  On December 5, 2025, the bankruptcy court granted relief from automatic stay pursuant to 11 U.S.C. § 362(d) to ALN Properties and Vercat Ventures, allowing both parties to commence eviction proceedings against Ms. Sweeney.  ECF Nos. 1-2 at 1, 1-15 at 2.  ALN Properties, LLC is a registered fictitious name held by G.I.D. Enterprises, LLC.  ECF No. 19 ¶ 1.  Thus, following the bankruptcy court's grant of relief from automatic stay, a joint eviction proceeding against Ms. Sweeney was filed in Pennsylvania magisterial court by Vercat Ventures and GID Enterprises.  *Id.* ¶ 8.

Upon commencement of the eviction proceeding, Ms. Sweeney moved the bankruptcy court for sanctions against Appellees, contending that G.I.D. Enterprises had not received relief from automatic stay under the bankruptcy court's December 5, 2025 order and was therefore barred from bringing the eviction action.  ECF Nos. 1-2 at 2.  The bankruptcy court denied Ms. Sweeney's motion for sanctions on January 5, 2026 and "clarified" that its December 5, 2025 order "authorize[d]" Ms. Sweeney's "landlord (or entity with authority) to proceed with the action to pursue possession of the property only."  *Id.* ¶ 2.  On January 13, 2026, Ms. Sweeney appealed the bankruptcy court's January 5, 2026 denial of her motion for sanctions to this Court.[2]  Ms.

---

[2] Ms. Sweeney moved the bankruptcy court for a stay of the bankruptcy court's January 5, 2026 order pending her appeal to this Court.  ECF No. 1-15 ¶ 5.  The bankruptcy court denied the motion for stay on January 6, 2026, concluding that Ms. Sweeney "entirely fail[ed] to establish why she is likely to succeed on the merits of her appeal." *Id.* ¶ 6.

Sweeney's appeal is fully briefed and ripe for resolution.  ECF Nos. 28, 30, 31.  Following the notice of Ms. Sweeney's appeal, Ms. Sweeney vacated the subject property on February 12, 2026.  ECF No. 30 at 9.[3]

## II.     Standard of Review

District courts review "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error[,] and its exercise of discretion for abuse thereof."  *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (internal quotation marks omitted).  A factual finding by a bankruptcy court is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  When reviewing a mixed question of fact and law, district courts "must break down the determination and apply the appropriate standard of review to each."  *Shovlin v. Klaas*, 539 B.R. 465, 467 (W.D. Pa. Aug. 28, 2015) (Schwab, J.) (citing *In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003)).  Reviewing courts "apply a clearly erroneous standard to 'integral facts,' but exercise plenary review of the court's interpretation and application of those facts to legal precepts."  *In re Nortel Networks, Inc.*, 669 F.3d 128, 136–37 (3d Cir. 2011) (quoting *In re Exide Techs.*, 607 F.3d 957, 961–62 (3d Cir. 2010)).

## III.    Legal Analysis

### A.     Applicable Framework

The United States Bankruptcy Code provides for the automatic stay of a wide variety of actions or proceedings against a debtor upon the commencement of a bankruptcy case.  11 U.S.C. § 362(a)(1)–(8).  For instance, § 362(a) bars "the commencement or continuation . . . of a judicial,

---

[3] This Court has jurisdiction over Ms. Sweeney's appeal of the bankruptcy court's orders pursuant to 28 U.S.C. § 158(a)(1).

administrative, or other action or proceeding against the debtor" in connection with a prepetition claim; "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;" and "any act to collect, assess, or recover a [prepetition] claim against the debtor[.]" 11 U.S.C. § 362(a)(1), (3), (6). The automatic stay applies to "all entities[.]" 11 U.S.C. § 362(a).

The Bankruptcy Code allows any party to request relief from automatic stay "for cause[.]" 11 U.S.C. § 362(d). "[C]ourts decide what constitutes cause" under 11 U.S.C. § 362(d) based on "the totality of the circumstances." *In re Flabeg Solar US Corp.*, 499 B.R. 475, 479 (Bankr. W.D. Pa. 2013) (citing *In re Chatkin*, 465 B.R. 54, 59 (Bankr. W.D. Pa. 2012)). Courts interpreting § 362(d) generally require the party moving for relief from automatic stay "to make an initial prima facie showing of 'cause' sufficient to support relief from stay. If the moving party does so, the ultimate burden then shifts to the non-moving party . . . to show a lack of cause to grant stay relief." *Chatkin*, 465 B.R. at 61.

### B.     The Bankruptcy Court Correctly Denied Ms. Sweeney's Motions Because She Made No Showings That Sanctions Were Warranted

Ms. Sweeney appeals the bankruptcy court's January 5, 2026 denial of her motion for sanctions. *See In re Ashley Anne Sweeney*, No. 25-22705-CMB, ECF No. 72. Ms. Sweeney argues such denial was in error because the state court eviction action was not brought "solely through the authorized entities—ALN Properties, LLC and Vercat Ventures B, LLC—but instead involved GID Enterprises, LLC and GID Properties, LLC, which were used interchangeably . . . and enforcement efforts despite not being authorized by the Court." ECF No. 28 at 4. Ms. Sweeney objects to the use of GID Enterprises, the LLC which owns the fictious name ALN Properties, as a named plaintiff in the state court eviction proceeding. *Id.* Appellees argue that Ms. Sweeney's appeal is moot because she has already vacated the subject property. ECF No. 30 at 21–23.

4

First, Ms. Sweeney's challenge to the denial of her motion for sanctions is not moot. While Ms. Sweeney's abandonment of the subject property rendered moot any request to stay or halt the eviction proceeding, it did not render moot Ms. Sweeney's request that civil sanctions be imposed against Appellees for GID Enterprises' participation in the eviction proceeding. The Court will thus consider the merits of Ms. Sweeney's appeal of the bankruptcy court's denial of the motion for sanctions.

Turning to the merits, Ms. Sweeney's claim that GID Enterprise's participation in the eviction proceeding was "not [] authorized[,]" ECF No. 28 at 4, is simply incorrect. The bankruptcy court's January 5, 2026 order explicitly "clarified" that its December 5, 2025 order granting relief from automatic stay "authorize[d]" Ms. Sweeney's "landlord (or entity with authority) to proceed with the action to pursue possession of the property only." *Id.* ¶ 2. And, while the underlying lease agreement lists ALN Properties rather than GID Enterprises, ALN properties is merely a registered name of GID Enterprises. The two entities are therefore one and the same, making GID Enterprises Ms. Sweeney's landlord at the time of the eviction proceeding. GID Enterprises' involvement in the eviction proceeding was therefore appropriate. Accordingly, the bankruptcy court rightly denied Ms. Sweeney's motion for sanctions. Having considered the bankruptcy court's January 5, 2026 decision that sanctions were unwarranted *de novo*, this Court will affirm that decision.

### C.    Ms. Sweeney's Challenge to the Bankruptcy Court's Grant of Relief From Stay Is Moot

Ms. Sweeney's notice of appeal only challenges the bankruptcy court's January 5, 2026 decision denying her motion for sanctions. *See* ECF No. 1 at 1. It does not notice any challenge of the bankruptcy court's initial grant of relief from stay to ALN Properties, LLC and Vercat Ventures on December 5, 2025. *Id.* But Ms. Sweeney's briefing also appears to challenge the

bankruptcy court's December 5, 2025 order finding that relief from stay "for cause" was warranted under § 362(d).  *See* ECF No. 28 at 9–10 (the bankruptcy "[c]ourt failed to consider uncontroverted evidence" of Ms. Sweeney's "serious medical conditions, loss of income, and financial support.").

To the extent Ms. Sweeney challenges the December 5, 2025 order granting relief from stay, such challenge is now moot by virtue of Ms. Sweeney's having vacated the subject property on February 26, 2026.  *See U.S. Bank, Nat'l Ass'n, as Tr. for Truman 2016 SC6 Title Tr. v. Bazirganian*, 332 A.3d 1265 (Pa. Super. 2024) ("Where the occupants of a property that was the subject of an ejectment action have vacated the premises, any appeal from the judgment in ejectment becomes moot.").  This Court thus lacks jurisdiction over any challenge Ms. Sweeney brings to the bankruptcy court's December 5, 2025 order granting relief from stay.  *See Templin v. Indep. Blue Cross,* 487 F. App'x 6, 11 (3d Cir. 2012) (federal courts lack jurisdiction to consider moot controversies).[4]

## IV.    Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the January 5, 2026 Order of the bankruptcy court denying Ms. Sweeney's motion for sanctions, *in re Ashley Anne Sweeney*, No. 25-22705-CMB, ECF No. 72, is AFFIRMED.  IT IS FURTHER ORDERED that, to the extent Ms. Sweeney challenges the December 5, 2025 Order of the bankruptcy court granting Appellees

---

[4] Even if it were not moot, such challenge lacks merit.  An inability to collect rent from a debtor who continues occupying leased premises generally constitutes cause for a landlord to initiate collateral eviction proceedings.  *See Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627–28 (3d Cir. 1990) ("[T]he failure of a debtor to pay rent affords the landlord the opportunity to convince the bankruptcy court to lift the stay and permit the landlord to seek an ejectment order from state court.");  *In re Brown* No. 25-BR-20265, 2025 WL 1702580, at *3 (Bankr. W.D. Pa. June 17, 2025) ("'Although cause is not defined by the Bankruptcy Code, courts have held that a debtor's failure to pay rent constitutes cause to lift the automatic stay.'") (quoting *In re Benton*, 662 B.R. 517, 521 (Bankr. S.D.N.Y. 2024)).  In cases where a debtor is unwilling or unable to pay rent, the bankruptcy court "must decide whether equity dictates lifting the stay against collateral proceedings" so that the landlord may begin eviction proceedings.  *Zagata Fabricators, Inc.*, 893 F.2d at 628..  Here, the bankruptcy observed that Ms. Sweeney had not shown any ability to make payments to her creditors, as required under a Chapter 13 bankruptcy plan, and explicitly questioned the appropriateness of her being in a Chapter 13 proceeding.  ECF No. 1-15 at 2–3.  Considering Ms. Sweeney's failure to offer a viable payment plan, the equities favored granting her landlords relief from stay.  Accordingly, the bankruptcy court's December 5, 2025 order granting such relief was entirely appropriate.

relief from stay, *in re Ashley Anne Sweeney*, No. 25-22705-CMB, ECF No. 53, such appeal is DENIED as MOOT.

DATED this 14th day of July, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail):

Ashley Anne Sweeney, *pro se*
2620 Spring Garden Ave
Pittsburgh, PA 15212

Ashley Anne Sweeney, *pro se*
11 Sumner Ave
Pittsburgh, PA 15221